## PEOPLE v. CHRONES.

### Cr. No. 1043; January 13, 1904.

#### 75 Pac. 180.

**False Pretenses—Failure of Proof.**—Penal Code, Section 1110, provides that if a false pretense was expressed in language, unaccompanied by a false token or writing, or by some note or memorandum thereof in writing subscribed by the defendant, there can be no conviction, unless the pretense is proved by the testimony of two witnesses. The information charged that defendant falsely represented that he owned the goods and fixtures in his place of business, and that he was not indebted to any person, and by means thereof obtained the goods in question. Held, that as but one witness testified to the pretense, and there was no token or writing given or shown, there could be no conviction.

APPEAL from Superior Court, City and County of San Francisco; F. H. Dunne, Judge.

Lewis Chrones was convicted of the crime of obtaining goods under false pretenses, and appeals. Reversed.

Denson & Schlesinger for appellant; U. S. Webb, attorney general, J. C. Daly, deputy attorney general, and Lewis F. Byington, district attorney, for the people.

SHAW, J.—The defendant was convicted in the court below of the crime of obtaining goods by false pretenses. He appeals from the judgment and from the order denying his motion for a new trial.

The principal error assigned is that the pretense by means whereof it is alleged the goods were obtained was not established by sufficient evidence. The information charges that the defendant falsely represented that he owned the goods and fixtures in his place of business, and that he was not indebted to any person, and by means thereof obtained the goods in question. Section 1110 of the Penal Code provides that if a false pretense was expressed in language, unaccompanied by a false token or writing, or by some note or memorandum thereof in writing subscribed by, or in the handwriting of, the defendant, there can be no conviction, unless the pretense is proved by the testimony of two witnesses, or of one witness and corroborating circumstances. The only witness who testified to the pretense in this case was W. J. O'Brien, the agent of the owners of the goods. There was no token or writing given or shown. We have carefully read the testimony presented in the bill of exceptions, and fail to find therein any evidence of circumstances constituting any substantial corroboration of testimony of O'Brien with relation to the pretense.

It is not necessary to discuss the other errors assigned. Upon another trial the district attorney will doubtless make clearer the point that the goods in question were sold by the agent, O'Brien, duly authorized to do so, and that the owners of the goods had no part in the transaction, except to deliver the same in pursuance of the sale made by O'Brien, and in reliance upon his report.

The judgment and order are reversed and the cause remanded for a new trial.

We concur: Angellotti, J.; Van Dyke, J.